hPLOTKIN, Judge.
In this appeal, we are called upon to consider whether the evidence was sufficient to establish the offense of cheating in a gaming establishment. Finding that a reasonable jury, when viewing all evidence in the light most favorable to the prosecution, could have concluded that the appellant intended to distract the dealer so that he might increase his ante in violation of the rules, we affirm.
On September 27, 1995, Thomas F. Malm-strom was charged by bill of information with cheating at a poker table in violation of La. R.S. 4:664. At his arraignment on October 10, 1995, he pleaded not guilty. After trial by jury on October 31,1995, he was found to be guilty as charged. On January 11, 1996, he was sentenced to serve fifteen months at hard labor. Malmstrom appeals.
At trial, Officer Don Leduff of the New Orleans Police Department Gaming Division testified that he was on duty at Harrah’s Casino on July 11, 1995. At the casino, Officer Leduff viewed a surveillance videotape and interviewed a dealer. Based on this information, Officer Leduff arrested Malm-strom for cheating at a poker table.
JaEllis Brown testified that on July 11, 1995, he was employed by Harrah’s Surveillance Department. The Surveillance Department records all table games in the casino on videotape. On the videotape, he saw Malm-strom add money to his ante in violation of the rules after distracting the dealer by asking him to make change.
Officer Paul Bourgeois of the New Orleans Police Department Gaming Division testified that he was working with Officer Leduff at Harrah’s on July 11,1995, and that he participated in Malmstrom’s arrest after viewing the surveillance videotape. Officer Bourgeois identified the surveillance videotape, Malmstrom’s casino tokens, and Malmstrom in court.
Richard Almon testified that he is employed as a games instructor at Harrah’s Casino. He has worked in the gaming industry for eighteen years. Almon explained that in Caribbean Stud Poker up to six or seven players compete against the house. The game begins when a player offers an ante of $5 to $500. After all antes are placed, each player is dealt five cards. Once the first card is dealt, the ante may not be altered. Each player then inspects his hand and decides whether to forfeit the ante or wager an amount equal to double the ante. The cards are then revealed, and the winners are identified and paid. The term “capping” is used to refer to the act of adding to a bet in violation of the rules, such as increasing the ante after the first card has been dealt.
Theodore Pullig testified that he was working as a dealer in a Caribbean Stud game at Harrah’s Casino on July 11, 1995. Malm-strom placed an eleven dollar ante bet (two red and one white chips) and then asked Pullig for change of a green chip. After Pullig finished making change, he noticed that Malmstrom had ^increased his bet to one green, three red, and two white chips.[1] *16 Pullig informed Malmstrom that it is not permitted to add to the ante to give him the chance to withdraw the illegal bet, but Malm-strom denied any wrongdoing. Malmstrom’s original bet would have paid $66. By adding to the ante, he increased the payoff to $222. Harrah’s paid Malmstrom the $66 and security escorted him away from the table.
A review of the record for errors patent reveals none.
In his only assignment of error, Malm-strom contends that the evidence was insufficient to prove the offense beyond a reasonable doubt. Specifically, Malmstrom contends that the evidence was insufficient to establish his criminal intent. Malmstrom concedes that he impermissibly added to the ante but asserts that he misunderstood the rules.
Former Revised Statutes section 4:664, effective at the time of the offense,[2] provided:
A. Except as provided in Subsection B, any person who by trick or sleight of hand performance, or by a fraud or fraudulent scheme, cards, dice, or device, for himself or for another, wins or attempts to win money or property or a combination thereof, or reduces a losing wager or attempts to reduce a losing wager in connection with gaming operations, shall be imprisoned at hard labor for not more than five years or fined not more than five thousand dollars, or both, if the value of such money or property, or combination thereof, or reduced wager is more than twenty-five dollars.
B. Any person who by any trick or sleight of hand performance, or by fraud or fraudulent scheme, cards, dice, or Udevice, for himself or for another wins or attempts to win money or property or a combination thereof, or reduces a losing wager or attempts to reduce a losing wager in connection with gaming operations, shall be imprisoned for not more than six months or fined not more than one thousand dollars, or both, if the value of such money or property, or combination thereof, or reduced wager is twenty-five dollars or less.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found each of the essential elements of the crime charged to have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). The elements of knowledge and intent are states of mind and need not be proven as facts, but rather may be inferred from the circumstances. State v. Lavigne, 95-0204 (La.App. 4th Cir. 5/22/96), 675 So.2d 771, 779, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140. The jury may draw reasonable inferences to support these contentions based upon the evidence presented at trial. Id.
The surveillance tape corroborates the dealer’s testimony that Malmstrom added to his ante after asking the dealer to make change. The dealer testified Malmstrom was given the opportunity to remove the added wager but that Malmstrom denied adding to the bet. Malmstrom’s actions resulted in increasing his potential payoff from $66 to $222. From this testimony, a reasonable jury, viewing all evidence in the light most favorable to the prosecution, could have concluded that Malmstrom intended to distract the dealer so that he might attempt to increase his winnings by more than twenty-five dollars. This assignment of error is without merit.
Accordingly, Malmstrom’s conviction and sentence are affirmed.

AFFIRMED.

. The dealer’s testimony regarding the amount of the increased bet is not consistent. Mr. Pullig stated that the defendant's ante was increased by $26 from an initial $11 ante. However, he also testified that the defendant’s ante began with two red and one white chips and later was improperly increased to one green, three red, and two white chips. The latter would amount to a $31 increase from $11 to $42. However, the dealer did consistently testify that by cheating the defen *16 dant increased his potential winnings from $66 to $222.

. In 1996, this section was redesignated as La. R.S. 27:264 by the statutory revision authority of the Louisiana Law Institute.